THE STATE EX REL. LAWSON COMPANY, N.K.A. DAIRY MART, INC.,
APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION
OF OHIO; CLEVENGER, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Lawson Co. v. Indus.
Comm.* (1992), 64 Ohio St.3d 524.]

(No. 91–1241—Submitted July 8, 1992—Decided September 2, 1992.)

*Buckingham, Doolittle & Burroughs, Brett L. Miller* and *Eleanor J. Tschugunov,* for appellant and cross-appellee.

*Gaines & Stern Co., L.P.A., Sheldon L. Braverman* and *Suzanne Peters,* for appellee and cross-appellant.

*Per Curiam.* R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Supplementing the statute, Ohio Adm.Code 4121–3–32(D) states:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation for wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with the finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

Claimant makes less at Higbee's than she earned at Dairy Mart. At issue before the commission was causal relationship: did claimant's allowed condition force her to take an allegedly less strenuous (and lower paying) job at Higbee's? The commission found that claimant had suffered a wage loss. The appellate court, however, found that the commission's order did not satisfy *Mitchell, supra*, and, therefore, could not be reviewed. For the reasons to follow, its judgment is affirmed.

The parties focus on Dr. Zachary's January 21, 1988 letter to claimant's counsel, which claimant contends is "some evidence" supporting the commission's decision. Dairy Mart disagrees, citing perceived deficiencies in the letter. However, the parties' focus assumes that the commission actually based its decision on that "report." The order does not indicate that it did.

Evidentiary review is confined to reports on which the commission expressly relied. *Mitchell; State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. We will not assume that the commission relied on evidence not specifically identified in its order. Here, the order contains standard boilerplate language, indicating reliance on "claimant's application, evidence in the file and/or evidence adduced at the hearing."

Claimant argues that the order's reference to her application rescues the order from a return to the commission under *Mitchell,* which only criticized blank reference to "evidence in the file and/or * * * adduced at the hearing." *Id.,* 6 Ohio St.3d at 483, 6 OBR at 533, 453 N.E.2d at 724. This assertion, however, does not aid claimant's position. Claimant relies heavily on the January 1988 Zachary report. That report, however, did not accompany claimant's wage-loss application—the report was submitted later. Thus, even if the commission did rely on claimant's application, there was no inherent reliance on the Zachary report since it was not part of the application.

The parties' position also ignores an equally valid possibility—that the commission rejected all of Dr. Zachary's reports as unpersuasive (hence, the lack of reference to them in the order) and relied on other unnamed evidence. To assume that the commission, to the exclusion of all other possible evidence (including other Zachary reports that may be more or less persuasive than his 1988 letter), relied solely on the January 1988 report is improper. The parties are also essentially asking us to weigh, in the first instance, not only the disputed report, but the disputed report in conjunction with other reports

prepared by Dr. Zachary. Such judicial evaluation conflicts with *Burley* and must be avoided.

For these reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.